UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc. | ) Case No.: **303CV918 JBA** |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S MOTION FOR RELIEF FROM ORDER** |
| Thomas Neznek | ) |
| Defendant | ) |

Pursuant Fed.R.Civ.P. 60(b)(1), the Plaintiff in this action moves this Court to vacate its Dismissal Order entered on February 28, 2004 and to accept for filing and consideration the Plaintiff's Request for Entry of Notice of Default which has been filed here with for this Court's consideration should this motion be allowed.

As grounds for this Motion, the Plaintiff asserts that through an isolated instance of inadvertence this case was allowed to go to Dismissal during the course of a putative settlement with an Attorney for the Defendant who has been consistently reliable. Specifically the Plaintiff asserts that:

1. Its counsel has been diligently pursuing this action but, through inadvertence, Plaintiff's counsel allowed Dismissal to enter under good faith belief that there was a settlement in this action;

2. Plaintiff's counsel was contacted by Attorney Kenneth Quat of Concord, Massachusetts, who stated that he was representing this Defendant.

3. Plaintiff's counsel represents DIRECTV in many civil actions similar to this action in Connecticut Federal District Court and Massachusetts Federal District Court.

1

4. Attorney Quat has represented many DIRECTV Defendants (30 +) in Federal civil actions in Massachusetts Federal District Court and in the Connecticut Federal District Court on a Pro Hac Vice basis.

5. Attorney Quat was familiar with the settlement agreements normally utilized by DIRECTV and he has a general working knowledge of historical settlement amounts.

6. On or about January 13, 2004 Plaintiff's counsel and Attorney Quat reached an agreement as to the amount of a settlement in this matter and Plaintiff's counsel forwarded a settlement agreement to Attorney Quat in a form that had been utilized by Attorney Quat and Plaintiff's counsel in settling numerous other DIRECTV cases in the past.

7. A copy of the e-mail sent to Attorney Quat is attached hereto and marked Exhibit A. The name of another Defendant referenced in this same e-mail and also represented by Attorney Quat has been redacted as the settlement with that party included a confidentiality agreement.

8. The settlement agreement with this Defendant did not call for payment until Spring of 2004.

9. Attorney Quat has always been reliable in effectuating many DIRECTV settlements with Plaintiff's counsel.

10. Unfortunately Plaintiff's counsel allowed this case to be dismissed before receiving an executed settlement agreement or the settlement funds, believing that both would be forthcoming in the Spring of 2004;

2

11. Recently, after the Dismissal had entered, Attorney Quat informed Plaintiff's counsel that despite attempts to contact the Defendant he was unable to do so and the settlement funds and agreement would not be forthcoming.

12. This Motion and the supporting Affidavit were submitted to Attorney Quat prior to filing same. While he apparently no longer represents the Defendant and he therefore cannot "assent" to said Motion. Attorney Quat did not contest the truthfulness of the factual grounds for this Motion.

In further support of this Motion, please see Affidavit of Plaintiff's Counsel and Memorandum in support of said motion.

7/6/04
_____
Date

_____
John M. McLaughlin
**(Address for All Pleadings)**
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
(CT16988)


Local Address Pursuant to
D. Conn. L. Civ. R. 2 (C):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

3

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 6th day of July 2004, a copy of the foregoing motion for relief with accompanying documentation and motion for default judgment with accompanying documentation were mailed first class to:

Thomas Neznek
6 Park Street
Apt 11
Enfield, CT 06082

_____
John M. McLaughlin, Esq.