UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc.<br><br>    Plaintiff,<br><br>vs.<br><br>Thomas Neznek<br><br>    Defendant | Case No.: 303CV918 JBA<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM ORDER |

I.     **Facts**

On February 28, 2004, a Dismissal was entered in this action. Plaintiff has now moved for relief from that Order of Dismissal. The pertinent facts are of record or are as set forth in the Affidavit of Attorney for Plaintiff. Those pertinent facts are:

1. Its counsel has been diligently pursuing this action but, through inadvertence, Plaintiff's counsel allowed Dismissal to enter under good faith belief that there was a settlement in this action;

2. Plaintiff's counsel was contacted by Attorney Kenneth Quat of Concord, Massachusetts, who stated that he was representing this Defendant.

3. Plaintiff's counsel represents DIRECTV in many civil actions similar to this action in Connecticut Federal District Court and Massachusetts Federal District Court.

4. Attorney Quat has represented many DIRECTV Defendants (30 +) in Federal civil actions in Massachusetts Federal District Court and in the Connecticut Federal District Court on a Pro Hac Vice basis.

1

5. Attorney Quat was familiar with the settlement agreements normally utilized by DIRECTV and he has a general working knowledge of historical settlement amounts.

6. On or about January 13, 2004 Plaintiff's counsel and Attorney Quat reached an agreement as to the amount of a settlement in this matter and Plaintiff's counsel forwarded a settlement agreement to Attorney Quat in a form that had been utilized by Attorney Quat and Plaintiff's counsel in settling numerous other DIRECTV cases in the past.

7. A copy of the e-mail sent to Attorney Quat is attached hereto and marked Exhibit A. The name of another Defendant referenced in this same e-mail and also represented by Attorney Quat has been redacted as the settlement with that party included a confidentiality agreement.

8. The settlement agreement with this Defendant did not call for payment until Spring of 2004.

9. Attorney Quat has always been reliable in effectuating many DIRECTV settlements with Plaintiff's counsel.

10. Unfortunately Plaintiff's counsel allowed this case to be dismissed before receiving an executed settlement agreement or the settlement funds, believing that both would be forthcoming in the Spring of 2004;

11. Recently, after the Dismissal had entered, Attorney Quat informed Plaintiff's counsel that despite attempts to contact the Defendant he was unable to do so and the settlement funds and agreement would not be forthcoming.

12. This Motion and the supporting Affidavit were submitted to Attorney Quat prior to filing same. While he apparently no longer represents the Defendant and he therefore cannot "assent" to said Motion. Attorney Quat did not contest the truthfulness of the factual grounds for this Motion.

## II.   Discussion

Subsection (b) of Rule 60 of the Federal Rules of Civil Procedure provides in part:

> "On motion and upon such terms as are just, the court may relieve a party or a parties legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..."

Plaintiff contends that the excusable neglect or inadvertence of its counsel justifies opening up the Dismissal and allowing the Plaintiff to move forward with its Request for Entry of Notice of Default. Specifically the Plaintiff contends that:

1. Its counsel has been diligently pursuing this action but, through inadvertence, Plaintiff's counsel allowed a Dismissal to enter believing that a settlement was being effectuated;

2. Plaintiff's counsel in good faith believed that a settlement was being effectuated because Plaintiff's counsel had negotiated a settlement with an attorney who has represented many DIRECTV defendants in cases with Plaintiff's counsel and that Attorney has been consistently reliable. In addition Plaintiff's counsel and the Defendant's attorney had agreed upon a settlement amount and Plaintiff's counsel

3

      had forwarded a settlement agreement in a form the two attorney's had used on numerous occasions to settle other DIRECTV cases;

3. The settlement called for payment in the Spring of 2004. Unfortunately, neither an executed settlement agreement or the funds were received by Plaintiff's counsel and the Defense Attorney just recently informed Plaintiff's counsel that he is unable to contact Defendant. Plaintiff's counsel received this information after the Dismissal had entered.

4. Plaintiff has now submitted a Request for the Entry of Notice of Default with all required accompanying documentation, filed herewith. Should this Court grant this Motion for Relief, then the Plaintiff requests that the Notice of Default be entered.

Based upon these facts, the relief sought would appear to the justified. The mistake made by Plaintiff's counsel would appear to be an isolated mistake. This is not a case of egregious indifference on the part of counsel. The inadvertence at issue in the case at bar is similar to other isolated mistakes in other cases where trial judges have allowed for relief from orders pursuant to this rule 60 and where such relief was upheld on appeal.

In a reported case from this Federal District Court the court stated:

> 'Excusable neglect encompasses carelessness and mistake and may be found where a party's failure to comply with filing deadlines attributable to negligence" *Fetik v New Yourk Law School* 1999 WL 459805, at 4 (S.D.N.Y. 1999) (internal quotation marks omitted) *see also Canfield v. Van Atta Buick?Gmc Truck, Inc* 127 F3d 248, 250 (2d Cir. 1997)

*Carcello v TJX Companies, Inc.* 192 F.R.D. 61 (D. Conn. 2000) at 62.

4

In the *Carcello* case, the court did not grant the requested relief. The court stated that excusable neglect the not encompass use my party and when considering the explanations of the moving party's counsel the court said "the inconsistent explanations are troubling and cast doubt upon counsel's credibility." *Id* at 64. In this action, Plaintiff's counsel is simply contending that he allowed a Dismissal to enter in the good faith belief that a settlement would be effectuated. This would appear to be precisely the type of action that could justifiably pursuant to this rule

### III.    Conclusion

The isolated act of inadvertence justifies relief under rule 60 (b) (1). Accordingly, the Dismissal should be vacated and the Request for Entry of Notice of Default should be considered on its merits.

7/6/04
Date

John M. McLaughlin
**(Address for All Pleadings)**
**MCLAUGHLIN SACKS, LLC**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
(CT16988)


Local Address Pursuant to
D. Conn. L. Civ. R. 2 (C):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518