UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc. | ) Case No.: **303CV918 JBA** |
| Plaintiff, | ) |
| vs. | ) **AFFIDAVIT OF ATTORNEY FOR PLAINTIFF IN SUPPORT OF MOTION FOR RELIEF FROM ORDER** |
| Thomas Neznek | ) |
| Defendant | ) |

Now comes John M. McLaughlin, Attorney for the Plaintiff in the above-entitled action, and, on oath, states the following:

1. I have been diligently pursuing this action but, through inadvertence, I allowed Dismissal to enter under good faith belief that there was a settlement in this action;

2. I was contacted by Attorney Kenneth Quat of Concord, Massachusetts, who stated that he was representing this Defendant.

3. I represent DIRECTV in many civil actions similar to this action in Connecticut Federal District Court and Massachusetts Federal District Court.

4. Attorney Quat has represented many DIRECTV Defendants (30 +) in Federal civil actions in Massachusetts Federal District Court and in the Connecticut Federal District Court on a Pro Hac Vice basis.

5. Attorney Quat was familiar with the settlement agreements normally utilized by DIRECTV and he has a general working knowledge of historical settlement amounts.

1

6. On or about January 13, 2004 Attorney Quat and I reached an agreement as to the amount of a settlement in this matter and my office forwarded a draft settlement agreement to Attorney Quat in the form he and I had utilized in settling numerous other DIRECTV cases in the past.

7. A copy of the e-mail sent to Attorney Quat is attached hereto and marked Exhibit A. The name of another Defendant referenced in this same e-mail and also represented by Attorney Quat has been redacted as the settlement with that party included a confidentiality agreement.

8. The settlement agreement with this Defendant did not call for payment until Spring of 2004.

9. Attorney Quat has always been reliable in effectuating many DIRECTV settlements with me.

10. Unfortunately I allowed this case to be Dismissed before receiving an executed settlement agreement or the settlement funds, believing that both would be forthcoming in the Spring of 2004;

11. Recently, after the Dismissal had entered, Attorney Quat informed me that despite attempts to contact the Defendant he was unable to do so and the settlement funds and agreement would not be forthcoming.

12. This Motion and the supporting Affidavit were submitted to Attorney Quat prior to filing same. While he apparently no longer represents the Defendant and he therefore cannot "assent" to said Motion. Attorney Quat did not contest the truthfulness of the factual grounds for this Motion.

2

Subscribed and sworn to, under the pains and penalties of perjury, this ___6___ day of ___July, 2004___.

_____
John M. McLaughlin