UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (Bridgeport)

| | |
|---|---|
| DIRECTV, INC., ) | Case No.: 3:03-cv-00918-JBA |
| ) | |
| **Plaintiff,** ) | MEMORANDUM OF LAW IN SUPPORT |
| ) | OF PLAINTIFF'S MOTION FOR |
| Plaintiff, ) | DEFAULT JUDGMENT |
| ) | |
| vs. ) | |
| ) | |
| **Thomas Neznek** ) | |
| ) | |
| Defendant ) | |

### I. <u>Liability</u>

On October 19, 2004, Default was entered against the Defendant in this action. Plaintiff has now moved for judgment against the Defendant. The Default already entered in this action against the Defendant is similar to a finding of liability against the Defendant. See *Trans World Airlines, Inc. v. Hughes*, 449 F2d 51 (2nd Cir. 1971). Specifically, a party's default is deemed to constitute a concession of all will pleaded allegations of liability. See *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir.1992). Therefore, based upon the Default that has already entered against the Defendant, the Plaintiff has now proven sufficient requisite elements to entitle the Plaintiff to a finding of liability against the Defendant as to the matters set forth in the Plaintiff's pleadings.

The Court can consider a number of factors in determining whether to enter a default judgment against a defendant. See *Feeley v. Whitman Corp.*, 65 F.Supp.2d 164 (S.D.N.Y.1999). Yet, in a civil case where a party fails to respond, after notice, the court is ordinarily justified in entering a judgment against the defaulting party. See *Bermudez v. Reid*, 733 F.2d 18 (2d Cir.1984).

There were multiple counts of statutory violations in the complaint against the Defendant. However, in this motion the Plaintiff is moving for judgment under:

1. Count II, Violation of Title 18 U.S.C. § 2511, Intentional Interception of Electronic Communications; and

2. Count III, Violation of Title 47 U.S.C. § 605(e)(4), Assisting in the Unauthorized Use/Interception of Signals.

3. Count IV, Violation of Title 47 U.S.C. § 605(e)(4), Assembly, Manufacture and or Modification of Devices or Equipment.

The Plaintiff contends is entitled to judgment under all of the counts of its complaint. Yet, the Plaintiff is moving for judgment pursuant to counts II, III and IV simply because once liability is established through the default the *minimum* Statutory damage for:

1. Count II is $10,000.00 ;

2. Count III is $40,000.00; and

3. Count IV is at least $40,000.00..

Accordingly, this court should be able to enter judgment with the *minimum* statutory damages of $50,000.00 without the necessity of a hearing on damages.

**1. Pertinent Facts Regarding Liability Established From Default**

Based upon the Default that has already entered against the Defendant, the Plaintiff has proven certain pertinent facts, including but not limited to, the facts that:

1.  Plaintiff is a direct satellite broadcaster, delivering over 225 channels of television and other programming to its residential and business customers on a subscription and pay-per-view basis only

2.  Plaintiff encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming.

Page    2

3. Upon activation of an account the Plaintiff's legitimate customers are given a DIRECTV Access Card by Plaintiff;

4. With a DIRECTV Access Card and other system hardware a legitimate customer can receive and view in a decrypted format (*i.e.*, unscrambled) only those channels to which the customer has subscribed or otherwise made arrangement to purchase from Plaintiff;

5. It is possible for dishonest individuals to covertly obtain the Plaintiff's signals, without authorization and without payment for same, through a variety of methodologies, including, but not limited to, utilizing illegally modified DIRECTV Access Cards and utilizing other related equipment; devices that are primarily of assistance in the unauthorized interception or reception of DIRECTV's satellite television programming (all collectively hereinafter referred to as "Pirate Access Devices").

6. On or about March 9, 2001, the Defendant purchased from Vector Technologies two (2) devices; each one designated as a "Vector Smart Card Emulator, the Defendant purchased and thereafter possessed Pirate Access Devices.

7. On or about April 6, 2001, the Defendant purchased from Vector Technologies a Pirate Access Device designated as a "Vector Smart Card Emulator", the Defendant purchased and thereafter possessed a Pirate Access Device.

8. On or about May 23, 2001, the Defendant purchased from Vector Technologies three (3) Pirate Access Devices; two designated each as a "Vector Smart Card Emulator" and the other designated as a "Vector Super Unlooper with SU2 Code", The Defendant purchased and thereafter possessed Pirate Access Devices.

9. The Defendant utilized the Pirate Access Device for the unauthorized interception of the Plaintiffs satellite television signals; and/or

10. The Defendant utilized the Pirate Access Device to intercept the Plaintiff's electronic communications without authorization; and/or

11. The Pirate Access Device purchased by the Defendant were utilized in conjunction with other devices such that the Defendant *manufactured, modified or assembled* Pirate Access Devices and/or

12. The Defendant distributed and/or sold Pirate Access Device(s) to assist others in the unauthorized interception of the Plaintiffs satellite television signals;

13. All of the Defendant's actions were undertaken willfully and knowingly.

**2. Liability Pursuant to Title 47 U.S.C. § 605(e)(4) Established From Default**

This lawsuit involves violations of the Cable Communications Policy Act of 1984, as amended, Title 47 U.S.C. § 605 (the "Communications Act"). Title 47 U.S.C. 605 (a) of the Communications Act provides, in part:

> "(a) Practices prohibited
>
> ... No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto..."

Title 47 U.S.C. 605 (e)(4) of the Communications Act provides, in part, that it shall be a violation of the statute where any person:

> "manufactures, *assembles, modifies*, imports, exports, *sells, or distributes* any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section ..." (emphasis added)

Accordingly, the Plaintiff has already definitively established that the Defendant violated Title 47 U.S.C. 605 (e)(4) and Title 47 U.S.C. 605 (a).

Title 47 U.S.C. 605 (e)(4) also provides in part:

> "...For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to *each such device shall be deemed a separate violation.*" (emphasis added)

Through the default of the Defendant the Plaintiff has already established that the Defendant distributed devices in violation of Title 47 U.S.C. 605 (e)(4). The Plaintiff established that the Defendant purchased six (6) subject devices, five emulators and one unlooper. This court can infer that one of each type of device was retained by the Defendant for personal use; leaving four emulators in excess of personal need. Therefore the court can infer the distribution of four subject devices in violation of Title 47 U.S.C. 605 (e)(4) by the Defendant.. See *Cablevision of Southern Conn. v. Smith* 141 F.Supp.2d 277 (D. Conn. 2001), and see *Cablevision Systems Corp. v. DePalma* 1989 WL 8165 at 3 (E.D.N.Y. 1989) (a copy of the unpublished case is attached hereto as Exhibit A).

In *DePalma* the court said:

> "While Cablevision did not introduce direct evidence that the Defendant sold or redistributed these boxes, the evidence taken as a whole in light of common experience compels the conclusion that such an activity is the only possible result. When a person buys or imports goods in such large quantities that the overabundance renders the extra goods useless to that person, the only natural conclusion to be drawn is that that person purchased those goods with the intent of selling or distributing them into the marketplace." Id at 3.

Through the default of the Defendant the Plaintiff has already established that the

Defendant modified or assembled Access Cards in conjunction with the devices. The Defendant has alleged and proven by default that through the use of the devices one necessarily "modifies" a DIRECTV Access Card to allow its user to pirate DIRECTV satellite signals, thereby falling within the proscribed activity of § 605(e)(4) – prohibiting the "…modifi[cation]…[of] any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of…direct-to-home satellite services". *See* 47 U.S.C. § 605(e)(4). This reading of the statute was recently accepted in the case of *DIRECTV v Hite* 3:03CV449 (E.D.Va 2004).While the Defendant could contend that as many as sic (6) Access Cards were modified, the Plaintiff is only moving for four (4) violations of 47 U.S.C. § 605(e)(4) associated with card assembly for the devices in question.

### 3. Liability Pursuant to Title 18 U.S.C. § 2511 Established From Default

This lawsuit involves violations of the Title 47 U.S.C. 18 U.S.C. § 2511 (the "Surreptitious Interception Act"). Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a) provides that it shall be a violation of the statute where any person:

> "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

Title 18 U.S.C. § 2520 (a) grants the Plaintiff a civil remedy for violations of § 2511. Title 18 U.S.C. § 2520 (a) provides, in part:

> "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

Page 6

By virtue of the default in this action the Plaintiff has established that the Defendant knowingly utilized the Pirate Access Device to intercept the Plaintiff's electronic communications without authorization. Accordingly, the Plaintiff has established that the Defendant violated Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a), giving rise to civil cause of action pursuant to Title 47 U.S.C. 18 U.S.C. § 2520.

## II. Minimum Statutory Damages

**1. Minimum Statutory Damage Award Pursuant to Provisions of Title 47 U.S.C. § 605**

Title 47 U.S.C. § 605 (e)(3)(C)(i)(II) provides for statutory damages for the assembly, modification or manufacture of devices primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services. Section (e)(3)(C)(i)(II) provides, in part that:

> ". . . for each violation of [paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just . . ."

Accordingly, the Statutory minimum damage award for the Pirate Access Devices distributed by the Defendant in violation of Title 47 U.S.C. § 605(a), Title 47 § 605(e)(4) pursuant to Title 47 U.S.C. § 605(e)(3)(c)(i)(II) is $10,000.00 per device. The Statutory minimum damage award for the Pirate Access Devices assembled, manufactured or modified by the Defendant in violation of Title 47 U.S.C. § 605(a), Title 47 § 605(e)(4) pursuant

Page 7

to Title 47 U.S.C. § 605(e)(3)(c)(i)(II) is $10,000.00 per device.

While the Plaintiff could possibly seek higher damages the Plaintiff moves this court for a minimum statutory damage award of:

    a. $10,000.00 for four (4) devices distributed for a total of $40,000.00; or in the alternative

    b. $10,00.00 for four (4) devices assembled, manufactured, modified or distributed

by the Defendant in violation of Title 47 U.S.C. § 605(a), Title 47 § 605(e)(4) pursuant to Title 47 U.S.C. § 605(e)(3)(c)(i)(II). For a total statutory damage award for the § 605(e)(4) violations of $40,000.00.

**2. Minimum Statutory Damage Award Pursuant to Provisions of Title 18 U.S.C. § 2520**

Title 18 U.S.C. § 2520(c)(2)(B) provides for civil statutory damages for the surreptitious interception of electronic communications in violation of Title 18 U.S.C. § 2511. Title18 U.S.C. § 2520(c)(2)(B) provides for statutory damages of " whichever is the greater of $100 a day for each day of violation or $10,000". This amounts to a minimum statutory damage award of $10,000.00 for the violation of Title 18 U.S.C. § 2511.

Accordingly, the Statutory minimum damage award for the Defendant's utilization of the Pirate Access Device to intercept the Plaintiff's electronic communications without authorization in violation Title 47 U.S.C. 18 U.S.C. § 2511 (1)(a) is $10,000.00 pursuant to Title 18 U.S.C. § 2520(c)(2)(B).

**3. Total Minimum Statutory Damage Award**

Combining the Title 18 violations with the Title 47 violations the minimum statutory damage award due the Plaintiff is $50,000.00.

### III. Injunctive Relief

This Court Should Permanently Enjoin Defendant From Committing Or Assisting In The Commission Of Any Violation Of 47 U.S.C. § 605 or 18 U.S.C. §§ 2511. The Plaintiff requests injunctive relief under the express provisions of the Communications Act and the Surreptitious Interception Act.

The Communications Act provides as follows:

> "(e)(3)(B)(i) The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."

See 47 U.S.C. § 605(e)(3)(B)(i).

The pertinent language under section 2520 of 18 U.S.C. provides that the Court may award, "such preliminary and other equitable or declaratory relief as may be appropriate." See 18 U.S.C. § 2520(b)(1). Accordingly, this Court is authorized to permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605, or violations of 18 U.S.C. § 2511 and should do so to prevent such violations. The terms of the requested injunction are reasonably drafted to thwart any future piracy activities by the Defendant.

### IV.   Attorney's Fees and Costs

Both Title 18 U.S.C. § 2520(b)(3) and /or Title 47 U.S.C. § 605(e)(3)(B)(iii) provides that the Court should direct the recovery of full costs, including awarding reasonable attorneys fees to aggrieved party who prevails. The Second Circuit follows the so-called "lodestar" approach when awarding attorney's fees pursuant to a Federal statutory authorization. See, *Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir 1999). Utilizing the "lodestar" approach, the Court would,

in essence, multiply the reasonable number of hours worked by a reasonable hourly rate.

Plaintiff's counsel has filed an Affidavit with this court that would justify the attorney's fees award in the amount Plaintiff is now seeking for Attorney's fees. The affidavit also sets forth the pertinent costs for which the Plaintiff is seeking recovery $755.00.

## V. CONCLUSION

For the reasons set forth above, the Plaintiff, DIRECTV, respectfully requests that this Court:

(1) Award to DIRECTV full statutory damages in the amount of $50,000.00, plus full costs in the amount of $213.30 and attorneys' fees in the amount of $755.00;

(2) Permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511 and

(3) Grant DIRECTV such other and further relief as this court deems equitable, just and proper.

11/18/04
Date

Respectfully Submitted for the Plaintiff,

John M. McLaughlin (CT16988)
**Green Miles Lipton & Fitz-Gibbon**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061
(413) 586-0865

Local Address Pursuant to
D. Conn. L. Civ. R. 2(c):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518